**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>CHIEF MAGISTRATE JUDGE** | **6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593** |

February 12, 2024

LETTER TO COUNSEL:

      RE:    *Brewer M. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
             Civil No. TJS-23-00341

Dear Counsel:

      On February 7, 2023, Plaintiff Brewer M. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Widow's Insurance Benefits ("WIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 10 & 11. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the parties' submissions (ECF Nos. 10, 11 & 12), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Brewer M. filed his application for DIB on June 19, 2020. Tr. 18. He filed his application for WIB on June 23, 2020. *Id.* In both applications, he alleged a disability onset date of June 19, 2019. *Id.* His applications were denied initially and upon reconsideration. *Id.* At his request, an online video hearing was held before an Administrative Law Judge ("ALJ") on July 6, 2022. Tr. 38-61. Thereafter, the ALJ found that Brewer M. was not disabled under the Social Security Act. Tr. 15-32. The Appeals Council denied Brewer M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-7.

      The ALJ evaluated Brewer M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.[3] At step one, the ALJ found that Brewer M. had not engaged in substantial gainful activity since June 19, 2019, the alleged onset date. Tr. 21. At step two, the ALJ found that Brewer M. suffered from the following severe impairments: degenerative

---

    [1] After Plaintiff filed this case, on December 20, 2023, Martin O'Malley became the Commissioner of Social Security. Accordingly, Commissioner O'Malley has been substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).
    [2] This case was previously assigned to Judge Hurson and Judge Austin. It was reassigned to me on October 31, 2023. ECF No. 13.
    [3] The ALJ determined that Brewer M. met the non-disability requirements for WIB. Tr. 21.

1

disc disease, variously diagnosed as lumbar radiculitis, osteopenia, bilateral hammertoe, os trigonum, left foot ulcer, and chronic venous insufficiency of the legs. *Id.* At step three, the ALJ found Brewer M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment under 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 24. The ALJ determined that Brewer M. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can stand/walk two hours, occasionally operate foot controls bilaterally, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladder, ropes, and scaffolds. He must avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 25.

At step four, the ALJ determined that Brewer M. was capable of performing past relevant work as a sales associate or telephone solicitor. Tr. 31. On this basis, the ALJ concluded that Brewer M. was not disabled under the Social Security Act. *Id.* Because the ALJ determined at step four that Brewer M. was not disabled, he did not reach step five.

Brewer M. makes two arguments in this appeal: (1) the ALJ erred in determining that his mental health impairments were non-severe and (2) the ALJ's RFC determination is not supported by substantial evidence. ECF No. 10. The Court will address each argument in turn.

Brewer M. argues that the ALJ erred in finding his mental impairments non-severe. ECF No. 10 at 5-10. At the second step of the sequential evaluation process, it is the claimant's burden to prove that they have a medically determinable severe impairment or combination of impairments that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1509 (setting the durational requirement), 404.1520 (explaining the five-step sequential evaluation process). If a claimant does not prove that they have "a severe medically determinable physical or mental impairment that meets the duration requirement," they will be found to be not disabled. 20 C.F.R. § 404.1520. A claimant will be found to have a severe impairment if they prove that they have "any impairment or combination of impairments [that] significantly limits [their] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 404.1522. "Basic work activities" are those "abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522. Examples of basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting

*Id.*

An ALJ will find that a claimant's impairments are not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3. "Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging" in substantial gainful activity. *Id.* An ALJ must exercise "great care" in considering whether a claimant's impairments are severe. *Id.* If the ALJ cannot "determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process" should be continued. *Id.*

The ALJ determined that Brewer M.'s "medically determinable mental impairments of bipolar disorder[] and anxiety disorder, considered singly and in combination, do not cause more than minimal limitation" in his ability to perform basic mental work activities. Tr. 22. The ALJ noted that Brewer M. suffers from depression, anxiety, "a sense of isolation," and has difficulty paying attention, following instructions, and completing tasks. *Id.* But the ALJ found that none of these impairments were severe. The ALJ explained that the claimant's mental status examinations consistently showed the claimant to be alert and oriented, with "intact" or "good" memory, registration, recall, and concentration. Tr. 22-23. And the claimant's mental conditions have improved in both frequency and severity in response to his medications and treatment through therapy. Tr. 23. The ALJ also highlighted the claimant's extensive mental activities of daily living, his improved mood, and his Global Assessment of Functioning ("GAF") score of 65.[4]

---

[4] The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health. *Johnson v. Astrue*, No. TMD-10-947, 2011 WL 5149574 at *2 (D. Md. Oct. 27, 2011) (citing *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Ed.). A GAF score is a "subjective determination that represents the clinician's judgment of the individual's overall level of functioning" at the time of the evaluation. *White v. Comm'r of Social Sec.*, 572 F.3d 272, 276 (6th Cir. 2009); *see also Green v. Astrue*, No. 10-1840-SVH, 2011 WL 1770262 (D.S.C. May 9, 2011). The use of GAF scores has been discontinued in the DSM–V, in part because of a lack of conceptual clarity. *Clemins v. Astrue*, No. 13-0047, 2014 WL 4093424, at *26 (W.D. Va. Aug. 18, 2014) (citing American Psychiatric Association, *Diagnostic & Statistical Manual of Mental Disorders* 16 (5th ed. 2013)). In addition, as other courts have noted, "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 Fed. Appx. 684, 692 (11th Cir. 2005) (quoting 65 Fed. Reg. 50746, 50764–65 (Aug. 21, 2000) ); *see also Melgarejo v. Astrue*, No. JKS-08-3140, 2009 WL 5030706, at *2 (D. Md. Dec. 15, 2009). To the extent that they are considered, GAF scores range from 100 to 1, with lower scores indicating that the person is a danger to themselves or others, and higher scores indicating that the person has no symptoms to indicate problems in functioning: "[A] GAF score of 65 [] represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well" *Hill v. Colvin*, No. DKC-15-1027, 2016 WL 4269094, at *3 (D. Md. Aug. 15, 2016). By contrast, "a GAF score of 60 [] represents moderate symptoms or moderate difficulty in social, occupational, or school functioning," and a GAF score of 75 "represents no more than a slight impairment in social, occupational, or school functioning, with transient and

The ALJ concluded that Brewer M.'s mental impairments were non-severe because they caused no more than mild limitations in the four functional areas and would not cause more than a minimal limitation in his ability to perform basic work activities. Tr. 24. The ALJ credited Brewer M.'s testimony indicating that he performed "extensive mental activities," including using a microwave, reading, driving, surfing the internet, and grocery shopping. Tr. 23. And the ALJ noted that Brewer M. eats out at restaurants, performs house chores, attends medical appointments independently, and "appears alert and cooperative." TR. 23-24. As for Brewer M.'s testimony that he is unable to maintain attention for more than five minutes at a time, the ALJ noted that Brewer M. also stated that he reads four-to-five hours per day, watches television, and surfs the internet. Tr. 23. The ALJ properly reasoned that being able to read for four or five hours per day is inconsistent with being unable to maintain attention for more than five minutes at a time. The ALJ also found that Brewer M.'s ability to drive indicates that he is able to maintain concertation for more than five minutes. Tr. 24.

The ALJ also considered the medical opinion evidence. State Agency psychological consultant Maurice Prout, PhD reported that Brewer M.'s psychiatric conditions resulted in mild limitations. Tr. 29. The ALJ explained that Dr. Prout's opinion was persuasive and appeared "supported by the evidence cited in his analysis [including] mental status examinations and claimant's remarks that his condition had improved with medication management." Tr. 29. Some fluctuation in Brewer M.'s mental conditions does not invalidate a finding that medication and therapy control his symptoms. *See Gross*, 785 F.2d at 1166 (noting that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling"). In finding Dr. Prout's opinion persuasive, the ALJ stated that Dr. Prout's opinion was "not inconsistent" with that of "Dr. Fernan-Zegarra." However, it appears that Ms. Fernan-Zagarra is not a physician[5] and therefore, the ALJ should not have relied on her opinion. Still, even if the ALJ mistakenly compared Dr. Prout's opinion to a non-medical opinion, it is harmless error. Dr. Prout's finding of only mild mental limitations is consistent with other evidence in the record, including Brewer M.'s testimony about the tasks he performs and his GAF score of 65, and is supported by substantial evidence. *See* Tr. 29-30. The ALJ properly found that Brewer M. does not have mental limitations that preclude him from performing his past work as a telephone solicitor. Accordingly, the Court finds that the ALJ's evaluation of Brewer M.'s mental health impairments is logical and supported by substantial evidence. The claimant's argument to the contrary is without merit.

Brewer M. next argues that the ALJ improperly deviated from the limitations assessed by the medical opinions about Brewer M.'s physical capabilities. *See* ECF No. 10 at 10-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental

---

expectable reactions to psychological stressors if symptoms are present." *Id.*; *see also Kathline O. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3496, 2019 WL 4168961, at *3 (D. Md. Sept. 3, 2019) ("Plaintiff's GAF scores of 55-70 suggested no more than a mild or moderate abnormality.").

[5] Dayana Fernan-Zegarra interviewed Brewer M. at Vesta, Inc. Tr. 600. She made notes about Brewer M.'s mood and ability to self-administer medication. Tr. 597-600. There is no indication that Ms. Fernan-Zegarra is a physician. In his Opposition, the Commissioner notes that "it is unclear if Ms. Fernan-Zegarra is, in fact, a physician." ECF No. 11 at 10.

impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

The ALJ considered several medical opinions in reaching his conclusion that Brewer M. is not disabled. As of March 27, 2017, ALJs evaluate medical opinion evidence based on the rules set forth in 20 C.F.R. § 404.1520c. Specifically, an ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." 20 C.F.R. § 404.1520c(b)(2). Supportability refers to "the objective medical evidence and supporting explanations presented by a medical source." 20 C.F.R. § 404.1520c(c)(1). "In assessing consistency, the ALJ looks to the degree of cohesion between the medical opinion and 'the evidence from other medical sources and nonmedical sources in the claim.'" *Melissa O. v. Kijakazi*, No. CDA-23-211, 2023 WL 7386773, at *3 (D. Md. Nov. 8, 2023) (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, the ALJ concluded that Brewer M. has the RFC to perform light work. Tr. 25. The State Agency medical consultants, Dr. Robbins and Dr. Harris, both found that Brewer M. was capable of light exertion and could stand and walk for six hours in an eight-hour workday. Tr. 86, 108. Dr. Robbins' opinion was supported by substantial evidence in the record, including documentation of the mild nature of the Brewer M.'s degenerative disc disease, his intact strength, gait, and range of motion, and that his cardiovascular conditions were well controlled. Tr. 30. The ALJ also found the opinion to be consistent with other "significant opinions in the record." Tr. 30. The ALJ concluded that Dr. Harris' opinion was somewhat supported by the evidence in the record. *Id.* However, the ALJ found Dr. Robbins' opinion more persuasive than Dr. Harris' because Dr. Robbins' opinion included "postural limitations." *Id.* In addition, the ALJ found that the evidence warranted additional limitations beyond those assessed by Dr. Robbins and Dr. Harris. Tr. 30. Specifically, he stated "the combination of impairments, including the claimant's bilateral hammertoe, osteopenia, os trigonum, left foot ulcer, and chronic venous insufficiency of the legs, supports restricting the claimant to two hours of standing and walking, rather than six hours in an eight-hour workday." Tr. 30.

The ALJ properly based his RFC determination on the opinions of the State Agency medical consultants, in addition to other medical evidence in the record. An RFC is "a purely administrative assessment made by the ALJ based on all the relevant evidence in the case record," including "a claimant's 'subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians.'" *Johnson v. Berryhill*, No. BPG-16-3352, 2017 WL 6994533, at *2 (D. Md. Dec. 12, 2017) (citing *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 231 (4th Cir. 2011). The ALJ's determination did not deny Brewer M. any limitations set

forth by medical professionals. And importantly, Brewer M. agreed with the ALJ's conclusion that he be limited to two hours of standing and walking in an eight-hour workday (he just disagrees with the ALJ's reasoning and evidence cited in support). ECF No. 10 at 11 ("To be clear, Plaintiff believes that the ALJ should have discounted the [prior administrative medical findings] and deviated from their RFCs, but this should have been done either with assistance from more-reliable opinion evidence or with a better analysis by the ALJ."). The ALJ's decision is supported by substantial evidence and there is no reversible error.

For the reasons set forth above, Brewer M.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 11) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge